IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ATA HOLDINGS, INC.

    Plaintiff,

vs.                                                        No.

UNITED STATES OF AMERICA,

    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ATA Holdings, Inc. ("ATA Holdings") files this Complaint against the United States of America as follows:

### I.    NATURE OF SUIT

1.    ATA Holdings seeks recovery of deposits made under Internal Revenue Code ("IRC") Section 7519 but which were not refunded by the Internal Revenue Service ("IRS") as required by law.

### II.    PARTIES

2.    Plaintiff ATA Holdings, Inc. is a New Mexico corporation with a principal place of business in New Mexico.

3.    Defendant United States of America may be served with process pursuant to Federal Rule of Civil Procedure 4(i) by delivering a copy of the Summons and Complaint to the United States Attorney for the district in which the action is brought and by also sending a copy of the Summons and Complaint by registered or certified mail to the Attorney General of the United States, Pamela Bondi, at Washington, District of Columbia. The United States is the proper party for refund claims. *See* 28 U.S.C. § 7422.

### III. JURISDICTION AND VENUE

4. The Court has federal subject matter jurisdiction over this lawsuit because this case presents a federal question arising under internal revenue laws. *See* 28 U.S.C. §§ 1331, 1340.

5. Venue is proper in this Court because the taxpayer resides in the District of New Mexico. *See* 28 U.S.C. § 1396.

6. This Complaint is being timely brought within six years under 28 U.S.C. § 2401.

### IV. APPLICABLE LAW

7. Section 441 of the Internal Revenue Code ("IRC") requires a taxpayer's taxable income to be "computed on the basis of the taxpayer's taxable year." 26 U.S.C. § 441(a).

8. A pass-through entity, such as an S-corporation, must typically use a calendar year as its "taxable year," unless it can demonstrate a business purpose for using a different fiscal year end. *See* 26 U.S.C. § 1378(b).

9. However, even in the absence of a business purpose for using a fiscal year other than a calendar year, IRC Section 444(a) permits a pass-through entity to elect a taxable year that differs from its otherwise required taxable year if certain requirements are met. *See* 26 U.S.C. § 444(a).

10. Under Section 444 (i), the deferral period of the taxable year elected cannot be longer than 3 months (i.e., the entity's fiscal year end may be September 30, October 31, or November 30 if the owners of the entity making the election are calendar year taxpayers), and (ii) the entity must make payments to the IRS required by IRC Section 7519. *See* 26 U.S.C. § 444(b), (c)(1).

11. The payment required by IRC Section 7519 provides the government with an advance of cash for the estimated taxes when taxes are deferred under a Section 444 election.

12. To that end, an S-corporation must (i) file a Form 8752 (Required Payment or Refund Under Section 7519) with the IRS showing the required payment or refund, and (ii) pay to the IRS the full amount of the required payment as reported for each year in which the Section 444 election is in effect.

13. The amount of the required payment is the excess of: (i) the applicable percentage of the adjusted highest applicable income tax rate multiplied by the net base year income of the partnership or the S corporation (the "(b)(1) Amount"), over (ii) the net required payment balance (the "(b)(2) Amount").

14. Stated differently, Section 7519 requires an S-corporation with a Section 444 election to maintain a running deposit account with the IRS, for the amount of the estimated taxes that are deferred when the taxpayer has a different income tax year than a calendar year.

15. To the extent the (b)(1) Amount is more than the (b)(2) Amount, the taxpayer is required to make an additional payment to the IRS of such excess amount.

16. On the other hand, if the (b)(1) Amount is less than the (b)(2) Amount, then the taxpayer may claim a refund from the IRS of the difference.

17. An entity is entitled to a refund from the IRS of the entire (b)(2) Amount when the entity revokes its Section 444 election or goes out of existence. *See* 26 U.S.C. § 7519(c)(2).

## V.     FACTS

18. Plaintiff's predecessor in interest, A-Tech Corporation ("A-Tech"), was formed as a New Mexico for-profit corporation in 1975 and was initially taxed as a C-corporation with a September 30 fiscal year end.

19. Effective October 1, 2001, A-Tech timely filed Form 2553 with the IRS to make an election under IRC Section 1362(a) to be an S-corporation for federal income tax purposes ("S-Election"). A true and correct copy of A-Tech's S-Election is attached as Exhibit "A."

20. Concurrently with making its S-Election, A-Tech timely filed Form 8716 with the IRS to make an election under IRC Section 444 to continue using a September 30 fiscal year end for income tax purposes ("444 Election"). A true and correct copy of A-Tech's 444 Election is attached as Exhibit "B."

21. On November 26, 2001, the IRS sent A-Tech written confirmation that its S-Election and 444 Election had been accepted and that these elections were effective beginning October 1, 2001. A true and correct copy of the IRS acceptance letter is attached as Exhibit "C."

22. Following the end of A-Tech's first taxable year as a S-corporation, the IRS sent A-Tech a letter advising that the IRS "processed your Form 8716 and accepted it as requested." A true and correct copy of the IRS letter is attached as Exhibit "D."

23. Each year since A-Tech made its S-Election and 444-Election using September 30 as its tax year, A-Tech filed a Form 8752 (as part of its Form 1120-S) with the IRS to report the amount of the payment it was required to make to the IRS, or the amount of refund the IRS was required to pay to A-Tech, under IRS Section 7519.

24. Each year that A-Tech was required to pay the IRS an additional payment under Section 7519, A-Tech timely paid the amount owed.

25. At the conclusion of September 30, 2018 tax year, A-Tech's Form 8752 showed a "net required payment balance" of $651,011, as confirmed by the IRS Account Transcript for the tax period ending December 31, 2018. A true and correct copy of the December 31, 2018 Account Transcript is attached as Exhibit "E."

26. On or about March 7, 2019, ATA Holdings was formed as a New Mexico for-profit corporation.

27. Effective March 27, 2019, ATA Holdings became the one hundred percent (100%) owner of A-Tech's outstanding stock in a transaction that qualified as a reorganization under IRC Section 368(a)(1)(F) (an "F Reorg").

28. As part of the F Reorg, all of the shareholders of A-Tech received equivalent shares of ATA Holdings without any changes in ownership or ownership percentages.

29. When ATA Holdings was formed, it qualified as a "small business corporation" under IRS Section 1361.

30. Effective March 27, 2019, ATA Holdings filed Form 8869 with the IRS to make a Qualified Subchapter S Subsidiary ("QSUB") Election for A-Tech, its wholly-owned subsidiary. A true and correct copy of the QSUB Election is attached as Exhibit "F."

31. Because of the F Reorg, ATA Holdings was not required to make an S-election; rather, according to Revenue Ruling 2008-18, ATA Holdings "stepped into the body" of A-Tech and all of A-Tech's tax attributes, including its S-Election and 444 Election, were transferred to ATA Holdings.

32. Following the F Reorg, ATA Holdings continued to use a September 30 tax year, just as A-Tech had been doing.

33. A-Tech's Form 8752 account balance of $651,011 was transferred to ATA Holdings Form 8752 account balance, leaving A-Tech with a zero balance at the end of 2019. A true and correct copy of A-Tech's Account Transcript for the period ending December 31, 2019 is attached as Exhibit "G."

34. Consistent with A-Tech's Account Transcript, ATA Holdings filed Form 8752 with the IRS for its fiscal year ending September 30, 2019, showing that it owed an additional payment to the IRS of $50,425 over and above the prior payments of $651,011, bringing the new "New required payment balance" to $701,436. A true and correct copy of ATA Holdings 2019 Form 8752 is attached as Exhibit "H."

35. On October 21, 2020, ATA Holdings sold all the stock of A-Tech to an unrelated third party.

36. On December 10, 2020, ATA Holdings elected to become an LLC and filed a final return as a S-corporation for the tax period beginning October 1, 2020, and ending December 10, 2020.

37. Effective December 11, 2020, ATA Holdings became a calendar year taxpayer.

38. Because of ATA Holdings' conversion from an S-corporation and a limited liability company with a calendar year tax year, ATA Holdings filed a Form 8752 with the IRS for its fiscal year ending September 30, 2020, showing that the IRS owed ATA Holdings a refund of its entire Form 8752 account balance of $701,436. A true and correct copy of ATA Holding's Form 8752, requesting a refund of $701,436 under Section 7519 is attached as Exhibit "I."

39. ATA Holdings, through its CPA firm, Pulakos CPAs, P.C., have made multiple attempts through letters and phone calls with the IRS to prove that the IRS is obligated to refund the federal deposit to ATA Holdings. Having no success with letters and phone calls through the IRS Practitioner Service, ATA Holdings enlisted the assistance of IRS Taxpayer Advocate Service. ATA Holdings provided relevant documents to and had phone calls with the IRS Taxpayer Advocate Service during 2023 and 2024. The assigned IRS Taxpayer Advocate has not responded to multiple messages left in 2024 and early 2025.

40. As of the filing of this Complaint, the IRS has not refunded the Form 8752 account balance of $701,436 to ATA Holdings, as the IRS is obligated to do under IRC Section 7519.

41. According to IRS Chief Counsel Memorandum #200607019, a required payment under Section 7519 is a payment in the nature of a deposit, rather than a tax, and is therefore subject to the general six-year statute of limitations. *See* 28 U.S.C. § 2401.

## VI.    PRAYER FOR RELIEF

WHEREFORE, ATA Holdings respectfully requests a judgment against the United States awarding the following relief:

A. A refund in the amount of $701,436.00;

B. Pre-judgment and post-judgment accrued interest on such amount;

C. Reasonable litigation costs and attorneys' fees; and

D. Such other relief that is warranted under the circumstances.

## JURY DEMAND

ATA Holdings, Inc., demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: May 9, 2025.                                Respectfully submitted,

BUTLER SNOW LLP

By    */s/ Keith C. Mier*
          Keith C. Mier
2155 Louisiana Blvd. NE, Suite 10400
Albuquerque, NM  87110
Keith.Mier@butlersnow.com
Telephone: (505) 545-6065
Facsimile: (505) 545-6101
*Attorneys for Plaintiff*

93647730.v1